IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GYORGY MATRAI, Individually and as Guardian Ad Litem for M.M.,<br><br>   Plaintiff,<br><br>   v.<br><br>JONI T. HIRAMOTO,<br><br>   Defendant. | Case No. 20-cv-05241-MMC<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION; DIRECTING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED** |

Before the Court is plaintiff Gyorgy Matrai's ("Matrai") "Motion for Preliminary Injunction," filed August 12, 2020. To date, defendant has not appeared in the instant action. Having read and considered the papers filed in support of the motion, the Court deems the matter appropriate for decision on plaintiff's submissions, VACATES the hearing scheduled for September 18, 2020, and rules as follows.

In the complaint, Matrai, individually and as guardian ad litem for his minor son M.M., alleges that, on October 16, 2019, defendant, The Honorable Joni T. Hiramoto ("Judge Hiramoto"), a "Contra Costa County Superior Court Judge in the Family Division" who is presiding over Matrai's divorce proceedings (see Compl. ¶ 6), issued a "child abduction prevention order" (see id. ¶ 17) requiring Matrai to "post a $5 million bond as a condition of being able to see his son under supervised visitation" (see id. ¶ 2). Given his financial resources, Matrai alleges, the bond requirement "effectively foreclosed any possibility that [he] would see his son." (See id. ¶ 18.) Matrai further alleges he filed a motion, scheduled for hearing August 27, 2020, to "set aside" the child abduction prevention order (see id. ¶ 19) and that he will "continue to be unable to visit his son if

[defendant] denies [his] motion and makes the bond requirement permanent" (see id. ¶ 2). Based on said allegations, Matrai asserts two claims, titled, respectively, "Declaratory and Injunctive Relief Under 28 U.S.C. §§ 2201 and 2202" and "Injunctive Relief Under 42 U.S.C. § 1983."

By the instant motion, Matrai seeks an order (1) declaring "any requirement that [he] post a bond in the amount of $5 million—or any other amount that is so far beyond his means to effectively preclude any visitation with his son in perpetuity—would violate [his] and his son's substantive due process rights under the Fourteenth Amendment of the United States Constitution" and (2) "[e]njoining [Judge Hiramoto] from imposing any such bond requirement upon [him]" in his divorce proceedings. (See Doc. No. 8 (Mot. for Prelim. Inj.) at 9:26-10:4.)[1]

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008). In the Ninth Circuit, however, "serious questions going to the merits, and a balance of hardships that tips sharply toward the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." See Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

Turning to the first factor, likelihood of success on the merits, the Court, at the outset, considers whether Younger abstention is appropriate. See Younger v. Harris, 401 U.S. 37 (1971).

In Younger, the Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." See Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457

---

[1] Matrai seeks identical relief in his complaint. (See Compl., Prayer for Relief.)

2

U.S. 423, 431 (1982). Younger abstention is appropriate in civil cases "when the state proceedings (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." See ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014). If those "threshold elements" are met, the Court then considers "whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to Younger applies." See id.

Here, the Court finds the first of the four threshold elements, whether the state proceedings are ongoing, is met. Matrai filed the instant motion, and, indeed, the action as a whole, to prevent defendant from "mak[ing] the bond permanent at the upcoming August 27 hearing" in his divorce proceedings. (See Doc. No. 8 (Mot. for Prelim. Inj.) at 6:17-18; see also Compl. ¶ 22 (alleging "Matrai brings this action to ensure that Judge Hiramoto does not issue an order making the $5 million bond requirement permanent").)

The second threshold element is likewise met. Although the state proceedings Matrai challenges do not constitute a quasi-criminal enforcement action, those proceedings do "involve a state's interest in enforcing the orders and judgments of its courts." See ReadyLink Healthcare, Inc., 754 F.3d at 759. The bond requirement challenged by Matrai is authorized by California Family Code § 3048, pursuant to which a state court may, upon finding there is a risk of child abduction, require "a parent to post a bond in an amount sufficient to serve as a financial deterrent to abduction, the proceeds of which may be used to offset the cost of recovery of the child in the event there is an abduction." See Cal. Fam. Code § 3048(2)(B).[2] The purpose of the bond requirement is thus to enforce the family court's custodial orders, both by discouraging conduct

---

[2] In accordance therewith, Judge Hiramoto, in the challenged order, found there was a risk of abduction, and imposed the bond "for the purpose of locating the minor and returning [him] to mother in the event father absconds with minor." (See Compl., Ex. 1 (Child Abduction Prevention Order) at 2.)

3

inconsistent with those determinations and, if necessary, providing a means for reestablishing compliance therewith.

Under Younger, Courts have abstained from hearing challenges to state court civil contempt processes, see Juidice v. Vail, 430 U.S. 327 (1977), appeal bond requirements, see Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1987), and laws "authoriz[ing] State judges to order parents to pay for attorneys appointed for their children" in "divorce and custody proceedings," see Falco v. Justices of the Matrimonial Parts of Supreme Court of Suffolk Cty., 805 F.3d 425, 427 (2d Cir. 2015). Here, much like a state court's contempt process, the challenged bond procedure "stands in aid of the authority of the judicial system, so that its orders and judgments are not rendered nugatory," see Juidice, 430 U.S. at 336 n.12, and, as with "orders relating to the selection and compensation of court-appointed counsel for children," it is "integral to the State court's ability to perform its judicial function in divorce and custody proceedings," see Falco, 805 F.3d at 428. In sum, Matrai's challenge to the bond requirement implicates the "process by which a state compels compliance with the judgments of its courts." See ReadyLink Healthcare, Inc., 754 F.3d at 759 (internal quotations, citation, and alteration omitted).

Next, the third threshold element, whether the state proceedings implicate an important state interest, is met. "[S]tates have an undeniable interest in family law." See Cook v. Harding, 879 F.3d 1035, 1040 (9th Cir. 2018); see also H.C. ex rel Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000) (holding state court child custody proceedings implicated important state interests; finding Younger abstention appropriate).

The fourth and final threshold element, the availability of an adequate state forum in which to raise the federal challenge, is met as well. In that regard, only an "opportunity to present . . . federal claims in the state proceedings" is required. See Juidice, 430 U.S. at 337. Indeed, even "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." See Pennzoil, 481 U.S. at 15. Here, Matrai has an adequate opportunity to present his

1  federal constitutional claims in the state proceedings, including by appealing the superior
2  court's orders.  See Koppel, 203 F.3d at 613 (holding, where plaintiff, on appeal, raised
3  federal constitutional challenges to child custody order, fourth Younger element met); see
4  also Enrique M. v. Angelina V., 174 Cal. App. 4th 1148, 1153-57 (2009) (discussing
5  appeal wherein appellant raised federal constitutional challenge to child custody order);
6  D.S. v. A.F., 2006 WL 3813601, at *8 (Cal. Ct. App. Dec. 28, 2006) (discussing appeal
7  wherein appellant raised federal statutory and constitutional challenges to child abduction
8  prevention order).[3]

As the "threshold elements" of Younger abstention are met, the Court next addresses whether the relief sought here would have the practical effect of enjoining the state proceedings.  Matrai, as noted, seeks both a declaration that the order he challenges violates his federal constitutional rights and an injunction preventing a state court judge from enforcing such order.  Granting either such relief would have the practical effect of enjoining state proceedings.  See Gilbertson v. Albright, 381 F.3d 965, 971 (9th Cir. 2004) (holding "declaratory relief alone has virtually the same practical impact as a formal injunction" (internal quotation and citation omitted)).

Lastly, the Court turns to whether an exception to Younger abstention applies. Younger abstention is inappropriate where the "state proceeding is motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it."  See Juidice, 430 U.S. at 338.  Here, nothing in the record suggests the state proceedings were initiated to harass Matrai or were conducted in bad faith, and, to the extent Matrai challenges the Family Code section under which the child abduction prevention order was issued, he has not shown such statute is "flagrantly and patently"

---

[3] Although D.S. v. A.F. is unpublished, federal courts "may consider unpublished state decisions, even though such opinions have no precedential value."  See Employers Ins. of Wausau v. Granite State Ins. Co., 330 F.3d 1214, 1220 n. 8 (9th Cir. 2003).

unconstitutional.  See id.

In sum, as Matrai seeks "wholesale federal intervention into an ongoing state domestic dispute," see Koppel, 203 F.3d at 613, this is "precisely the type of case suited to Younger abstention" and "is not the proper business of the federal judiciary," see id. at 613-14.

As Younger abstention is appropriate, the Court finds Matrai has failed to meet the first requirement for injunctive relief; in particular, he has neither shown a likelihood of success on the merits nor raised serious questions going to the merits.

Accordingly, the motion for preliminary injunction is hereby DENIED.[4]

Where only injunctive and declaratory relief are sought and "the case is one in which the Younger doctrine applies, the case must be dismissed."  See Koppel, 203 F.3d at 613.  Accordingly, Matrai is hereby ORDERED TO SHOW CAUSE, in writing and no later than September 9, 2020, why the Court should not abstain under the Younger doctrine and dismiss the instant action, without prejudice.

**IT IS SO ORDERED.**

Dated: August 26, 2020

MAXINE M. CHESNEY
United States District Judge

---

[4] In light of such ruling, Matrai's "Motion for Order Shortening Time," filed August 12, 2020, whereby Matrai seeks an early hearing on his motion for preliminary injunction, is hereby DENIED as moot.